French, J.,
concurring in judgment.
{¶ 47} I join the majority’s conclusion that Dr. Dreyer’s testimony violated Harris’s constitutional right against self-incrimination and that the error was not harmless. I disagree, however, with the majority’s determination that Dr. Dreyer’s testimony was inadmissible under R.C. 2945.371(J). That statute prohibits the state from introducing certain statements that “a defendant makes in an evaluation or hearing.” (Emphasis added.) In this case, the state did not introduce any statements that Harris made during his evaluation; rather, it introduced Dr. Dreyer’s opinion that Harris was feigning mental illness. In my view, R.C. 2945.371(J) simply does not apply, and the court of appeals erred by relying on it.
*223 Timothy Young, Ohio Public Defender, and Kristopher A. Haines, Assistant Public Defender, urging affirmance for amicus curiae, Ohio Public Defender.